UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JUDI L. NICON-ORCUTT,

                    Plaintiff,

        vs.

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN a/k/a and
d/b/a FOREMOST INSURANCE
COMPANY AND FOREMOST
INSURANCE COMPANY,

                 Defendants.

No.

**NOTICE OF REMOVAL OF
CIVIL ACTION UNDER
28 U.S.C.§1441(a)**

**TO:**        **Clerk of the Court;**
**TO:**        **Plaintiff;**
**AND TO:**    **Jeffrey Thigpen, Plaintiff's Attorney**

Please Take Notice that Foremost Insurance Company Grand Rapids, Michigan

("hereinafter "Foremost") hereby removes to this court the state-court action described below:

**I. The Subject Action**

1.      On February 6, 2015, Plaintiff, Judi Nicon-Orcutt filed a complaint in the

Superior Court of Washington for Whatcom County, which was assigned case number 15-2-

FOREMOST'S NOTICE OF REMOVAL – 1
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\Removal\USDC\Notice of Removal USDC.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   00203-8.  A copy of the Summons is attached as **Exhibit A** to this notice.  A Copy of the

2   Complaint is attached as **Exhibit B** to this notice.

### II. Diversity of Citizenship

4   2.   In the Complaint, Plaintiff, Judi Nicon Orcutt, alleges that she is an individual

5   which currently resides in Whatcom County, Washington.

6   3.   Foremost Insurance Company Grand Rapids, Michigan is a foreign insurance

7   company organized under the laws of Michigan and licensed to conduct business in the State of

8   Washington.  Foremost Insurance Company Grand Rapids, Michigan's principal place of

9   business is in the State of Michigan.

### III. Amount in Controversy

11  4.   In their complaint, the Plaintiff alleges that it is entitled to benefits under the

12  provisions of the policy of insurance issued to the Plaintiff for damage suffered as the result of

13  a residential fire.  The complaint identifies damages in a minimum amount of $114,009.00.

14  6.   Additionally, the Plaintiff seeks all legal expenses and attorney fees incurred by

15  the Plaintiff in prosecution of this action.  These fees are estimated at $30,000.00.

16  7.   The jurisdictional minimum may be satisfied by claims of general and specific

17  damages, by attorney's fees, and by punitive damages. *Kroske v. U.S. Bank Corp.*, 432 F.3d

18  976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Galt v.*

19  *Scandinavia*, 142 F.3d 1150, 1155 – 56 (9th Cir. 1998).

20  8.   Based on the damages set forth above, the amount in controversy in this matter

21  is in excess of the $75,000 jurisdictional limitation.

### IV. JURISDICTION

23

FOREMOST'S NOTICE OF REMOVAL – 2
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\Removal\USDC\Notice of Removal USDC.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

9.  For purposes of determining jurisdiction under 28 U.S.C. §1332, Defendant Foremost, is a citizen of the state of Michigan and the Plaintiff is a citizen of the state of Washington.  As such, all parties to this action are citizens of different states.

10.  The amount in controversy exceeds $75,000, excluding interests and costs.

11.  This Court, therefore, has jurisdiction over this controversy under 28 U.S.C. §1332 and 28 U.S.C. §1441.

### V. TIMELINESS

12.  Plaintiffs filed the Complaint on February 6, 2015. The Complaint was not served until February 23, 2015.  This Notice of Removal, filed on March 3, 2015 is timely under 28 U.S.C. §1446.

### VI. COPIES OF PROCESS, PLEADINGS, ORDERS, AND MOTIONS IN STATE COURT PROCEEDINGS

13.  In accordance with 28 U.S.C. §1446, attached to this notice as Exhibits A through D are true and correct copies of the Complaint, process, orders, additional records, and additional proceedings in the Superior Court of Washington.  These documents are:

A.  Summons;

B.  Complaint;

C.  Insurance Commissioner's Certificate of Service

D.  Notice of Appearance for Foremost Insurance Company Grand Rapids, Michigan

14.  Notice of this removal will be filed with the Clerk of the Whatcom County Superior Court and will be given to all other parties, in accordance with 28 U.S.C. §1446.

DATED this 5th day of March , 2015.

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1

2

LETHER & ASSOCIATES, PLLC

3

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089

4

1848 Westlake Avenue N, Suite 100
Seattle, WA 98109

5

P:  (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com

6

*Attorneys for Defendant*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies under the penalty of perjury under the laws of the

3  State of Washington that on this date I caused to be served in the manner noted below a true

4  and correct copy of the foregoing on the parties mentioned below as indicated:

5  Jeffrey Thigpen
   1811 C Street
6  Bellingham, WA 98225

7
**By:        [X] First Class Mail            [X] E-mail                [ ] Legal Messenger**
8
9      Dated this 5th day of March, 2015, at Seattle, Washington.

10
                                                    _____
11                                                  Nicholas McMurray, Paralegal

12

13

14

15

16

17

18

19

20

21

22

23

FOREMOST'S NOTICE OF REMOVAL – 5
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\Removal\USDC\Notice of Removal USDC.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

# EXHIBIT A





FILED
COUNTY CLERK

20?? FEB -6 PM 3: 00

WHATCOM COUNTY
WASHINGTON

BY _____



### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| JUDI L. NICON-ORCUTT,<br><br>    Plaintiff,<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY<br>GRAND RAPIDS, MICHIGAN a/k/a and<br>d/b/a FOREMOST INSURANCE COMPANY<br>and FOREMOST INSURANCE COMPANY,<br><br>    Defendants. | NO. 15 2 00203 8<br><br>SUMMONS<br><br><br>Deborra E. Garrett |

**TO:   FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**

**AND TO:   FOREMOST INSURANCE COMPANY**

    A formal lawsuit has been started against you, and each of you, in the above-entitled court by Judi L. Nicon-Orcutt, plaintiff.   Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons, within twenty (20) days after the service within the State of Washington of this summons and complaint, excluding the day of service, or a default judgment may be entered against you without notice.   If you are served with the summons and complaint outside the State of Washington you must respond as stated above within sixty (60) days, or a default judgment may be entered against you.   A default judgment

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

is one where the Plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before either an order of default or default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court if it has not already been filed. If the caption includes an assigned case number, then the complaint has already been filed with the court. If you demand that the plaintiff file the lawsuit with the court, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

**DATED** this 6th day of February, 2015.

Jeffrey A. Thigpen, WSBA #11714
Attorney for Plaintiff

**File response with:**                                    **Serve a copy of your response**

Clerk of:                                                          on undersigned attorney:

Whatcom County Superior Court                    Jeffrey A. Thigpen
311 Grand Avenue                                          1811 "C" Street
Bellingham, WA 98225                                    Bellingham, WA  98225
(360) 676-6777                                               (360) 676-9974

SUMMONS - 2

# EXHIBIT B



FILED
COUNTY CLERK
15 FEB -6 PM 3:00
WHATCOM COUNTY
WASHINGTON
BY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM**

JUDI L. NICON-ORCUTT,          )
                              )
          Plaintiff,       )
                              )
          vs.              )
                              )
FOREMOST INSURANCE COMPANY   )
GRAND RAPIDS, MICHIGAN a/k/a and   )
d/b/a FOREMOST INSURANCE COMPANY   )
and FOREMOST INSURANCE COMPANY,   )
                              )
          Defendants.   )

NO. **15 2 00203 8**

**COMPLAINT**

Deborra E. Garrett

    **COMES NOW** the above-named plaintiff, Judi L. Nicon-Orcutt, by and through her undersigned attorney and for her complaint against the above-named defendants alleges as follows:

### FIRST CAUSE OF ACTION

<u>Parties / Insurance Contract</u>

    1.    Judi L. Nicon-Orcutt, the plaintiff herein, currently resides in Whatcom County, Washington. At the time of the events described below, she was a resident of Whatcom County, Washington.

    2.    Foremost Insurance Company Grand Rapids, Michigan, which is also known as and does business as Foremost Insurance Company, is an insurance company which conducts business in the State of Washington, including Whatcom

COMPLAINT - 1

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA 98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

County.  Foremost Insurance Company is apparently identified by the Washington insurance Commissioner's Office as an insurance company and accordingly is hereby named as a defendant herein because its name appears on the cover sheet of the plaintiff's homeowner's insurance policy.   (With respect to this complaint both defendants will be referred to simply as "Foremost".)

3.    At all times material hereto, the business conducted by Foremost included the selling of insurance policies to individuals for the purpose of providing homeowner's insurance coverage.

4.    All acts and omissions by Foremost, as hereinafter alleged, were committed by individuals who, at all times material hereto, were employees and/or agents or other representatives of Foremost and who were authorized to act on behalf of Foremost. Further, all acts and omissions by representatives and adjusters of Foremost, as hereinafter alleged, are to be considered as authorized and approved by Foremost.

**Facts & Policy Coverage**:

5.    Prior to November 10, 2013, Ms. Nicon-Orcutt paid Foremost for a homeowner's insurance policy numbered 103-0685059723-12.   The declarations page pertaining to said policy identified Ms. Nicon-Orcutt as the named insured and reflected that the policy period was from December 28, 2012 through December 28, 2013. (As used in this first cause of action, the term "policy" is intended to encompass the actual provisions of the above numbered policy that was in effect on November 10, 2013 and November 11, 2013 and to also include all amendments, declarations and endorsements that were in effect on said dates.)

6.    Pursuant to the provisions of the policy, Foremost, as the insurer, provided various types of insurance which covered, inter alia, Ms. Nicon-Orcutt's dwelling and other structures located at 8590 Ginkgo Drive, Maple Falls, Whatcom County, Washington and her personal property.

7.    The amount, nature, conditions, etc. of the insurance coverage were set forth in the policy for which Ms. Nicon-Orcutt paid and which was issued by Foremost.

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA 98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

8.     Said policy constituted a written contract between Foremost and Ms. Nicon-Orcutt and was in effect on November 10, 2013 and November 11, 2013.

9.     At a time close to midnight on November 10, 2013, Ms. Nicon-Orcutt's dwelling caught on fire.  Before the fire was brought under control and extinguished by the local fire department during the very early morning hours of November 11, 2013, it had caused so much damage to the dwelling itself and another structure, which had been built by Ms. Nicon-Orcutt and utilized as a deck, that both became total losses in that they were damaged beyond reasonable repair. (Henceforth the fire which destroyed Ms. Nicon-Orcutt's dwelling and caused other damages will be referred to as "the fire.")

10.     In addition, substantial personal property, which was owned by Ms. Nicon-Orcutt and located in and about the dwelling when the fire occurred, was destroyed.

11.     Very shortly after the fire occurred, Ms. Nicon-Orcutt was contacted by Foremost representatives who sought information from her about the fire, instructed her to complete various claim forms and required her to attend a lengthy interview, which was conducted, under oath, on March 27, 2014 by an attorney designated by Foremost.

12.     During the several months following the fire, Ms. Nicon-Orcutt met all of her obligations described in the policy and cooperated with Foremost by responding promptly to the requests of its adjusters, employees, agents and other representatives.

13.     Despite the fact that it was obvious after the fire occurred that the dwelling was a total loss and despite the fact that the policy provided that Foremost was obligated to pay the sum of $98,033 if the dwelling became a total loss as a result of an insured peril, by May of 2014 Foremost had still not made any payments whatsoever for the destruction of the dwelling or the deck.

14.     Subsequent to the aforementioned interview, Ms. Nicon-Orcutt inquired on numerous occasions during communications with various Foremost representatives about when payment would be made for the loss of her dwelling and on each occasion she was told, in essence, that "the investigation" had not yet been completed and/or

COMPLAINT - 3

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

that Foremost needed additional information and that no further funds would be paid or released until the investigation was completed.

15. In light of the context and surrounding circumstances, it was clear that, by use of the term "investigation", Foremost intended to convey to Ms. Nicon-Orcutt that it was conducting an investigation into the cause of the fire and that she had somehow caused it even though she had already, without legal representation, cooperated with Foremost by attending the aforementioned interview during which she orally answered a multitude of questions from the Foremost attorney regarding her activities during the day and evening preceding the fire as well as during the time just preceding the moment the fire was initially reported.

16. After the fire occurred, a company known as Q Global was retained by Foremost to conduct an investigation of the fire. Two fire investigators employed by Q Global arrived at the property site on November 14, 2013 and while conducting the investigation, one of these investigators conducted a tape-recorded interview of Ms. Nicon-Orcutt who fully cooperated by answering all of the questions asked of her.

17. Subsequently, a written report dated November 19, 2013 and bearing the name of Glenn W. Johnson, who was one of the Q Global investigators, was prepared. Mr. Johnson is a highly experienced fire investigator. In the report he concluded, " . . the possibility this fire was of incendiary origin could not be ruled out." He also noted, under the heading of "Further Investigation" as follows: "none required unless and until requested by the insurer [Foremost]." To the knowledge of Ms. Nicon-Orcutt no further investigation was conducted by Q Global or any of its employees. Notwithstanding the above conclusions, in approximately April of 2014 when Ms. Nicon-Orcutt inquired whether Foremost would agree to pay for a six-month lease on an apartment through the additional living expenses coverage of the policy, the Foremost representative to whom she made this inquiry informed her, in essence, that Foremost would be unwilling to do so because she was under investigation for arson.

18. Insofar as the destruction of her personal property due to the fire was concerned, Ms. Nicon-Orcutt completed claim forms as she was instructed to do by an adjuster, and submitted the forms to Foremost In January and February of 2014. Despite her cooperation in accurately completing and periodically submitting said

COMPLAINT - 4

claim forms and despite the fact that the documentation she submitted to Foremost established that the insured value of said destroyed personal property was at least $50,000, by May of 2014 Foremost had only paid a total of $5,000 in insurance proceeds on her personal property claim even though the policy provided $49,016 in coverage.

19.     During the first four months of 2014, Ms. Nicon-Orcutt made inquiries on numerous occasions to Foremost as to when she would be paid additional amounts for the loss of her personal property and, as with the dwelling, she was repeatedly told by Foremost that payment would not be made until "the investigation" was completed. She was led to believe that the purported investigation was aimed at determining the cause of the fire.

20.     The policy further provides that, in the event of the total loss of her dwelling, Foremost would have the obligation to pay her, in addition to the $98,033 provided by the policy, an additional amount up to a maximum of 20% of the $98.033 if she replaced the dwelling with one of like kind and quality within 365 days of the loss [i.e. on or before November 13, 2014] and if the cost to replace her dwelling "exceeds the amount [Foremost] had already paid to her."

21.     Foremost did not pay the $98,033 it was obligated to pay for the total loss of the dwelling until January of 2015 nor did it pay the balance of $44,016 that it owed her for the loss of her personal property until January of 2015.

22.     For several years prior to and continuing up to the date of the fire Ms. Nicon-Orcutt earned a modest income by conducting a licensed childcare business on the Gingko Drive premises, including the dwelling. As a consequence of the fire and the resulting destruction of the residence, she was forced to discontinue this business.

23.     Prior to the fire, Foremost was aware that she was conducting the childcare business and that it had to be discontinued as a result of the fire. Foremost further knew that because of the discontinuance of her business, she no longer had any regular income. In addition, Foremost knew that her property at 8590 Gingko Drive in Maple Falls was encumbered by two mortgages at the time that the fire occurred.

24.     At all times material hereto, Foremost was fully aware that Ms. Nicon-Orcutt intended to replace the destroyed dwelling with one of like kind and quality and

COMPLAINT - 5

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

1    that her financial resources were limited to the extent that she would not be financially
2    able to replace the dwelling with one of like kind and quality until Foremost paid the
3    $98,033 it owed to her. Foremost also knew, or should have known, that a lengthy
4    delay in paying what was owed to her would make it impossible to replace the dwelling
5    within 365 days of the fire and likely make it impossible to renegotiate her mortgage
6    agreements.  The total cost of replacing the dwelling with one of like kind and quality
7    would exceed 120 percent of $98,033.

8        25.    The policy also provided coverage up to $9,803 for the loss of "other
9    structures".  Despite the fact that the structure referred to above in paragraph 9 was
10   not physically connected to the dwelling and was totally destroyed in the fire, Ms.
11   Nicon-Orcutt was told by a Foremost representative that it would not be covered.  He
12   told her that any claim for the loss of the deck would be denied because the deck was
13   attached to the house and, therefore, did not qualify for "other structure" coverage
14   under the policy.  However, the deck is not attached to the residence but, rather, is
15   self-supporting.  As a result of the comments by the Foremost representative, Ms.
16   Nicon-Orcutt reduced her "other structure claim" to $2800 in order to recover at least
17   some modest amount for this loss. The cost of replacing the deck with one of like kind
18   and quality will likely exceed $9,803.

19       26.    Because the dwelling was a total loss, Foremost is obligated, in
20   accordance with the policy, to pay the cost of debris removal up to a maximum of
21   $5,000.  Foremost is further obligated to pay up to 5% ($4901.65) for the increased
22   costs caused by governmental requirements regulating construction, repair,
23   renovation, remodeling or demolition of the dwelling and up to 5% ($490.15) for the
24   increased costs caused by governmental requirements regulating construction, repair,
25   renovation, remodeling or demolition of the other structure, i.e. the deck.  The amount
26   of such increased costs will be proven at the time of trial. . However, despite the fact
27   that it was immediately obvious after the fire that the dwelling was a total loss and that
28   there was substantial debris to be removed in order to clear the site in anticipation of
29   replacing the dwelling, Foremost refused to advance any proceeds to enable the
30   debris removal and demolition process to get underway, and, at the time of the filing of
     this complaint, none of the required permits have been obtained and none of the

COMPLAINT - 6

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA 98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

debris has been removed. Whenever Ms. Nicon-Orcutt inquired about getting started with the process of debris removal, she was essentially again told that nothing was going to happen until the Foremost investigation had been completed.   At all times Foremost was well aware that Ms. Nicon-Orcutt did not have sufficient financial resources to personally pay for the required permits and cost of debris removal and that she was depending on Foremost to meet its contractual policy obligations in order to overcome the  devastation, including emotional devastation, caused by the fire. Due to the unjustified delay in paying the claim for the total loss of the dwelling and the refusal to pay the $5,000 for the cost of debris removal and demolition, the ultimate cost of cleaning up the property will now be considerably higher than what it otherwise would have been.

27.     Due to the fact that by May of 2014, Foremost had not paid any insurance proceeds for the total loss of the dwelling, had paid nothing for debris removal and/or for necessary permits, had paid only $5,000 for the loss of her personal property and it appeared that no action was being taken with respect to the purported investigation, Ms. Nicon-Orcutt was put into a position in which she was compelled to retain an attorney to assist her in obtaining the insurance proceeds to which she was entitled. Accordingly, on May 5, 2014 she spoke with an actively practicing, Washington licensed attorney with whom she shortly thereafter entered into a formal attorney retainer agreement whereby attorney services would be provided to assist her in ensuring Foremost paid her the insurance proceeds to which she was entitled and which should have been paid several months earlier.  As a consequence of her being compelled to retain an attorney to assist her in pursuing her claims with Foremost and to protect her rights as the insured under the policy, Ms. Nicon-Orcutt has incurred a substantial debt for attorney fees. At the time of filing this complaint the attorney fees are no less than $30,000.

28.     The policy also provided that in the event a loss made her premises not fit to live in, then Foremost would be obligated to pay the actual, reasonable, and necessary increase in her living expenses to maintain her normal standard of living. Although Foremost paid living expenses after the fire, Ms. Nicon-Orcutt initially moved into a one-room recreational cabin which was located very close to the dwelling

COMPLAINT - 7

destroyed in the fire.  This small cabin, which was seen by a Foremost representative, was very cold and had no stove or oven.  She elected to move into the cabin in anticipation of overseeing the clean-up and debris removal process which she rightfully expected to promptly begin as provided by the policy.  However, the process did not get started as she anticipated and when she inquired about the delay, she was told by the Foremost representative with whom she had the most contact following the fire that the investigation had not been completed.  After several months had elapsed and during which she was continually told that no insurance proceeds would be paid on the loss of the dwelling and no further payments would be made for the loss of her personal property because the investigation was continuing or had not been completed, she vacated the cabin and moved into a house in Bellingham where other people were living on the floor above her.  Although the rent was paid by Foremost for several months, in October of 2014 she was told by a Foremost representative to have the landlord apply the previously paid last month's rent to the amount due as monthly rent for November.  It was also made clear at that time that Foremost would not be paying any further additional living expenses although it would send her a check for the balance of approximately $400 which was in the additional living expenses account.  Ms. Nicon-Orcutt pointed out that if the last month's rent were applied to the rent for November that she would be forced to vacate the Bellingham residence. The Foremost representative stated, in essence, that Foremost had no obligation to pay additional expenses more than one year after the loss.

29.    Consequently, in early November of 2014, Ms. Nicon-Orcutt moved into a work shop located at 8582 Ginkgo Drive, adjacent to the property where the fire occurred.  The workshop had no plumbing, no stove and no heating system.  Residing in the workshop fell far short of her normal standard of living.  She lived inside the workshop for approximately one month and then moved into a single wide trailer also located at 8582 Ginkgo Drive.  The trailer had no stove or kitchen sink. At the time of this complaint, she is continuing to live in the trailer and enduring a subnormal standard of living.

30.    Even after she was interviewed by the Foremost attorney on March 27, 2014 and answered all of his questions, she was informed on numerous occasions

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

that the investigation was continuing although it appeared that Foremost was taking no action in terms of further investigation other than ordering her sometime in March or April of 2014 to obtain her cell phone records from her cell phone service provider (Tracfone) for the period surrounding the fire and then furnish said records to Foremost. Ms. Nicon-Orcutt made an earnest, good faith attempt to obtain such records directly from her cell phone company but was unable to do so. She explained to Foremost that Tracfone representatives had informed her that the company could not provide records more than 90 days old upon a simple request and that it would be necessary to obtain the records by means of a subpoena. On May 27, 2014 at the request of a Foremost representative, she signed an authorization that was presented to her by Foremost and which authorized Foremost's attorneys to obtain the records directly from Tracfone. Despite the representation by Foremost that its investigation required that it review her cell phone records and despite Ms. Nicon's willingness to fully cooperate so that Foremost would be enabled to obtain her records directly from Tracfone, Foremost did not obtain the required subpoena but continued to tell her that the investigation was not completed and would not be completed until the cell phone records were reviewed.

31.    During the 2013 and 2014, Ms. Nicon-Orcutt received, at different times, notices from the first mortgage trustee that a foreclosure sale had been scheduled with respect to her property at 8590 Gingko Drive in Maple Falls. On each occasion, the trustee and/or the mortgagee subsequently cancelled the scheduled foreclosure sale. These notices were extremely stressful for Nicon-Orcutt who, previous to the fire, had been continuously residing on the property for well over fifteen years and was anxious to replace the destroyed dwelling and return to her property on a permanent basis. In light of the circumstances she was facing during this period of time, particularly the fact she had no regular income, the difficulties of her financial situation were exacerbated by the unreasonable and unjustified delay on the part of Foremost in paying her claims in a timely fashion. By unjustifiably and unreasonably delaying payment of Ms. Nicon-Orcutt's claims for the total loss of her dwelling and the total loss of the other structure, i.e. the deck, Foremost violated its quasi-fiduciary duty to act in good faith in regard to its contractual obligations to process and pay her claims.

COMPLAINT - 9

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

32     On January 12, 2015 Ms. Nicon-Orcutt's attorney mailed to the office of the attorneys representing Foremost in this matter the 20-day pre-suit notice required by Washington law under RCW 48.30.015(8). After January 15, 2015, two checks issued by Foremost Insurance Group arrived at the office of Ms. Nicon-Orcutt's attorney. One of these checks was in the amount of $44,016 payable to Judi Nicon-Orcutt and the other was in the amount of $98,033 and named the following payees: Caliber Home Loans, Inc.; Whatcom Educational Credit Union; and Judi Nicon-Orcutt. However, Caliber Home loans, Inc. is not named as lienholder on the policy declarations page. No other checks have been received since the pre-suit was given.

## Breach of Contract

33.     The conduct by Foremost, as described above, with respect to Judi Nicon-Orcutt's insurance claims, constitutes multiple breaches of its contractual obligations, express and implied, in the following particulars, to wit:   (a)   Failing to fulfill its obligation to pay her insurance proceeds for her losses within a reasonable time after the losses occurred; (b)   Deliberately delaying for over a year in making full payment with respect to her various claims and attempting to justify the delay on the pretext that it was conducting an investigation;   (c)   Acting in bad faith by delaying full payment of the insurance proceeds for the total loss of Ms. Nicon-Orcutt's dwelling and for the loss of her personal property until after being put on a notice, more than a year after the losses occurred, that a lawsuit would be filed; (d)   Failing and/or refusing to pay in a timely fashion the $5,000 it was obligated to pay for debris removal and demolition costs; (e)   Failing and/or refusing to pay the increased costs to meet governmental requirements so that debris removal and demolition could begin and be completed; (f)   Compelling Ms. Nicon-Orcutt to hire an attorney and incur attorney fees to obtain the insurance proceeds and benefits to which she clearly was entitled; (g)   Acting in bad faith by delaying full payment of the insurance proceeds for the total loss of Ms. Nicon-Orcutt's dwelling and for the loss of her personal property and thereby making it impossible for her to obtain the coverage of 20% of the $98,033 for the cost of replacing her residence with one of like kind and quality within 365 days of the loss.

COMPLAINT - 10

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

**Economic Damages / Proximate Cause**

34.     As a direct and proximate result of the various breaches by Foremost of its contractual obligations as described in the preceding paragraph, Ms. Nicon-Orcutt has suffered the following monetary damages: (a) $9,803 for the total loss of the other structure referred to as a deck; (b) $19,606 for the additional cost of replacing the dwelling with one of like kind and quality; (c)  No less than $30,000 for attorney fees incurred; (d)  $5,000 for the costs of debris removal and demolition; (e) The increased costs, in an amount to be proven at trial, for debris removal and demolition; (f) The cost, in an amount to be proven at trial, for compliance with governmental requirements regulating debris removal, demolition and replacing the dwelling and the deck.

**Non-Economic Damages / Proximate Cause**

35.     As a further direct and proximate result of the various breaches by Foremost of its contractual obligations, its breach of its quasi-fiduciary duty owed to her as an insured, its implied accusations that she had committed arson, and its overall outrageous conduct, Ms. Nicon-Orcutt has experienced severe emotional distress and anxiety.  She also suffered emotional distress and anxiety due to the fear of losing her property to foreclosure, fear of not being able to replace her dwelling and due to the physical hardship and indignity of being forced to endure horrible living conditions.  The conduct by Foremost, as described herein, has been outrageous. The amount of non-economic damages will be proven at the time of trial.

## SECOND CAUSE OF ACTION

**Repeated Allegations**

36.     Plaintiff hereby repeats and incorporates herein by reference with respect to this second cause of action, all of the allegations set forth above in paragraphs 1 through 32, inclusive.

COMPLAINT - 11

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

## Unfair or Deceptive Trade Practice

37.     Foremost, by virtue of its conduct described above, engaged in an unfair or deceptive trade practices with respect to Ms. Nicon-Orcutt's losses and claims. By doing so, Foremost violated RCW 19.86.020.  By said unfair or deceptive practices, Foremost has also has violated RCW 19.48.015 and some of the regulations referred to therein.  Said unfair or deceptive trade practices have the capacity to injure other persons

## Violation of Washington Insurance Regulations

38.     The acts and omissions and other conduct by Foremost, as described above, also constitute violations of Washington insurance regulations set forth in the Washington Administrative Code (WAC).  Specifically, Foremost has violated WAC's 284-30-330(2), 284-30-330(3), 284-30-330(4), 284-30-330(13), 284-30-330(16) and 284-30-380. Copies of these regulations are attached hereto as Exhibits "A-1" through "A-3" and incorporated herein by reference.  Said violations caused financial harm to Ms. Nicon-Orcutt and injury to her personal and real property.

## Unreasonable Denial of Claims.

39.     By continually delaying payment of the legitimate claims of Ms. Nicon-Orcutt, as described above, Foremost, as a pragmatic matter, effectively and unreasonably denied said claims despite its purported explanation that it was continuing with an investigation.  In addition, by its conduct, Foremost compelled Ms. Nicon-Orcutt to hire an attorney to obtain the insurance benefits to which she was entitled in accordance with the above-referenced homeowner's policy. Foremost only paid the claims for the loss of the dwelling and personal property when Ms. Nicon-Orcutt gave notice of her intention to proceed with formal legal action.

## Damages

40.     As a result of the conduct by Foremost, Ms. Nicon-Orcutt has suffered the damages described in paragraphs 34 and 35 above.  Said paragraphs, with respect to the description of damages contained therein, are incorporated herein by

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

reference in this second cause of action. Pursuant to RCW 19.86.090, Ms. Nicon-Orcutt is also entitled to the following:  (a) her actual damages; and (b) her reasonable attorney fees.  In addition, it would be fair for the court, in its discretion, to award her additional damages of $25,000 as allowed by RCW 19.86.090.

### THIRD CAUSE OF ACTION

**Repeated Allegations**

41.     Plaintiff hereby repeats and incorporates herein by reference with respect to this third cause of action, all of the allegations set forth above in paragraphs 1 through 32, inclusive, paragraphs 34, and 35 to the extent they refer to her damages, and paragraphs 37 through 39.

**Violation of RCW 48.30.010(1)**

42.     The conduct by Foremost as aforesaid constitutes a violation of RCW 48.30.010(1) pertaining to unfair or deceptive practices and, therefore, she is entitled to the damages and remedies provided by RCW 48.30.015. Specifically, Ms. Nicon-Orcutt should be awarded her actual damages as described in paragraph 33 as well as her reasonable attorney fees incurred to commence this legal action and pursue it to judgment.  In addition, the court should, in its discretion, award her exemplary damages in an amount equal to twice her actual damages.

**WHEREFORE,** having set forth her complaint herein, plaintiff Judi Nicon-Orcutt requests that a judgment be entered against Foremost Insurance Company Grand Rapids, Michigan a/k/a and d/b/a Foremost Insurance Company and against Foremost Company as follows:

A.     For monetary damages in an amount equal to $64,409 for the loss of the other structure (referred to as the "deck"), for the 20% additional cost to replace the dwelling over and above the $98,033 provided as coverage under the policy, for the amount provided by the policy for debris removal and demolition and for attorney fees incurred prior to filing suit herein;

COMPLAINT - 13

B.      For monetary damages, in an amount according to proof, for the increased costs over $5,000 for debris removal and demolition; and the amount necessary to comply with governmental requirements regulating debris removal, demolition and replacing the dwelling and the deck;

C.      For additional damages in an amount equal to two times the actual damages proven at the time of trial;

D.      In the alternative, in the event that, for whatever reason, the damages sought in accordance with RCW 48.30.015 are not awarded, then monetary damages are requested in an amount equal to $25,000 under RCW 19.86.090;

E.      For non-economic damages, in an amount according to proof, for her emotional distress, past and future;

F.      For her reasonable attorney fees incurred to pursue this action as provided by both RCW 48.30.015 and RCW 19.86.090;

G.      For her taxable costs incurred herein; and

H.      For such and further relief as the court deems just.

**DATED** this 6th day of February, 2015.

Jeffrey A. Thigpen
Attorney for Plaintiff

COMPLAINT - 14

Law Office of Jeffrey A. Thigpen
1811 "C" Street
Bellingham, WA  98225-4017
Telephone (360) 676-9974
Fax (360) 676-9978

Washington Administrative Code

Title 284. Insurance Commissioner, Office of

Chapter 284-30. Trade practices

THE   UNFAIR   CLAIMS   SETTLEMENT
PRACTICES REGULATION

*Current through Register 15-2, January 15, 2015*

§ 284-30-380. Settlement standards applicable to all
insurers

(1)

Within fifteen working days after receipt by the insurer
of fully completed and executed proofs of loss, the
insurer must notify the first party claimant whether the
claim has been accepted or denied. The insurer must not
deny a claim on the grounds of a specific policy
provision, condition, or exclusion unless reference to the
specific provision, condition, or exclusion is included in
the denial. The denial must be given to the claimant in
writing and the claim file of the insurer must contain a
copy of the denial.

(2)

If a claim is denied for reasons other than those
described in subsection (1) and is made by any other
means than in writing, an appropriate notation must be
made in the claim file of the insurer describing how,
when, and to whom the notice was made.

(3)

If the insurer needs more time to determine whether a
first party claim should be accepted or denied, it must
notify the first party claimant within fifteen working days
after receipt of the proofs of loss giving the reasons more
time is needed. If after that time the investigation remains
incomplete, the insurer must notify the first party
claimant in writing stating the reason or reasons
additional time is needed for investigation. This
notification must be sent within forty-five days after the
date of the initial notification and, if needed, additional
notice must be provided every thirty days after that date
explaining why the claim remains unresolved.

(4)

Insurers must not fail to settle first party claims on the
basis that responsibility for payment should be assumed
by others except as may otherwise be provided by policy
provisions.

(5)

Insurers must not continue negotiations for settlement of
a claim directly with a claimant who is neither an
attorney nor represented by an attorney until the
claimant's rights may be affected by a statute of
limitations or a policy or contract time limit, without
giving the claimant written notice that the time limit may
be expiring and may affect the claimant's rights. This
notice must be given to first party claimants thirty days
and to third party claimants sixty days before the date on
which any time limit may expire.

(6)

The insurer must not make statements which indicate
that the rights of a third party claimant may be impaired
if a form or release is not completed within a specified
period of time unless the statement is given for the
purpose of notifying the third party claimant of the
provision of a statute of limitations.

(7)

Insurers are responsible for the accuracy of evaluations
to determine actual cash value.

**Note:**

Statutory Authority: RCW 48.02.060 and 48.30.010 . 09-
11-129 (Matter No. R 2007-08), § 284-30-380, filed
5/20/09, effective 8/21/09; 78-08-082 (Order R 78-3), §
284-30-380, filed 7/27/78, effective 9/1/78.



EXHIBIT "A-1"

days after notice of receipt by the payor bank will constitute a violation of this provision. Dishonor of a draft for valid reasons related to the settlement of the claim will not constitute a violation of this provision.

(16)

Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established. Except as to those instances where the time for payment is governed by statute or rule or is set forth in an applicable contract, procedures which are not designed to deliver a check or draft to the payee in payment of a settled claim within fifteen business days after receipt by the insurer or its attorney of properly executed releases or other settlement documents are not acceptable. Where the insurer is obligated to furnish an appropriate release or settlement document to a claimant, it must do so within twenty working days after a settlement has been reached.

(17)

Delaying appraisals or adding to their cost under insurance policy appraisal provisions through the use of appraisers from outside of the loss area. The use of appraisers from outside the loss area is appropriate only where the unique nature of the loss or a lack of competent local appraisers make the use of out-of-area appraisers necessary.

(18)

Failing to make a good faith effort to settle a claim before exercising a contract right to an appraisal.

(19)

Negotiating or settling a claim directly with any claimant known to be represented by an attorney without the attorney's knowledge and consent. This does not prohibit routine inquiries to a first party claimant to identify the claimant or to obtain details concerning the claim.

Note:

Statutory Authority: RCW 48.02.060 and 48.30.010 . 09-11-129 (Matter No. R 2007-08), § 284-30-330, filed 5/20/09, effective 8/21/09. Statutory Authority: RCW 48.02.060 , 48.44.050 and 48.46.200 . 87-09-071 (Order R 87-5), § 284-30-330, filed 4/21/87. Statutory Authority: RCW 48.02.060 and 48.30.010 . 78-08-082 (Order R 78-3), § 284-30-330, filed 7/27/78, effective 9/1/78.



EXHIBIT "A-2"

Washington Administrative Code

Title 284. Insurance Commissioner, Office of

Chapter 284-30. Trade practices

THE   UNFAIR   CLAIMS   SETTLEMENT
PRACTICES REGULATION

*Current through Register 15-2, January 15, 2015*

§ 284-30-380. Settlement standards applicable to all
insurers

(1)

Within fifteen working days after receipt by the insurer
of fully completed and executed proofs of loss, the
insurer must notify the first party claimant whether the
claim has been accepted or denied. The insurer must not
deny a claim on the grounds of a specific policy
provision, condition, or exclusion unless reference to the
specific provision, condition, or exclusion is included in
the denial. The denial must be given to the claimant in
writing and the claim file of the insurer must contain a
copy of the denial.

(2)

If a claim is denied for reasons other than those
described in subsection (1) and is made by any other
means than in writing, an appropriate notation must be
made in the claim file of the insurer describing how,
when, and to whom the notice was made.

(3)

If the insurer needs more time to determine whether a
first party claim should be accepted or denied, it must
notify the first party claimant within fifteen working days
after receipt of the proofs of loss giving the reasons more
time is needed. If after that time the investigation remains
incomplete, the insurer must notify the first party
claimant in writing stating the reason or reasons
additional time is needed for investigation. This
notification must be sent within forty-five days after the
date of the initial notification and, if needed, additional
notice must be provided every thirty days after that date
explaining why the claim remains unresolved.

(4)

Insurers must not fail to settle first party claims on the
basis that responsibility for payment should be assumed
by others except as may otherwise be provided by policy
provisions.

(5)

Insurers must not continue negotiations for settlement of
a claim directly with a claimant who is neither an
attorney nor represented by an attorney until the
claimant's rights may be affected by a statute of
limitations or a policy or contract time limit, without
giving the claimant written notice that the time limit may
be expiring and may affect the claimant's rights. This
notice must be given to first party claimants thirty days
and to third party claimants sixty days before the date on
which any time limit may expire.

(6)

The insurer must not make statements which indicate
that the rights of a third party claimant may be impaired
if a form or release is not completed within a specified
period of time unless the statement is given for the
purpose of notifying the third party claimant of the
provision of a statute of limitations.

(7)

Insurers are responsible for the accuracy of evaluations
to determine actual cash value.

Note:

Statutory Authority: RCW 48.02.060 and 48.30.010 . 09-
11-129 (Matter No. R 2007-08), § 284-30-380, filed
5/20/09, effective 8/21/09; 78-08-082 (Order R 78-3), §
284-30-380, filed 7/27/78, effective 9/1/78.



EXHIBIT "A-3"

# EXHIBIT C

RECEIVED
FEB 27 2015
LEGAL

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

| | | |
|---|---|---|
| JUDI L. NICON-ORCUTT, | ) | |
| Plaintiff, | ) | NO. 15-2-00203-8 |
| | ) | |
| vs. | ) | INSURANCE COMMISSIONER'S |
| | ) | CERTIFICATE OF SERVICE |
| FOREMOST INSURANCE COMPANY | ) | |
| GRAND RAPIDS, MICHIGAN a/k/a | ) | |
| and d/b/a FOREMOST INSURANCE | ) | |
| COMPANY and FOREMOST INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

THIS IS TO CERTIFY that the Insurance Commissioner of the State of Washington has accepted service of

*Summons; Complaint*

in the above-mentioned matter on FEBRUARY 23, 2015, on behalf of and as statutory attorney for

*FOREMOST INSURANCE COMPANY*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

ISSUED AT OLYMPIA, WASHINGTON: FEBRUARY 24, 2015

Certification No: 70092250000190289909

MIKE KREIDLER
Insurance Commissioner

By

Miranda Matson Jewett
Service of Process Coordinator

Original to:

JEFFREY A. THIGPEN

1811 C STREET
BELLINGHAM, WA 98225-4017

Copy to:

FOREMOST INSURANCE COMPANY
MARTIN R. BROWN
PO BOX 2450
GRAND RAPIDS, MI 49501

Tracker ID: 12447

# EXHIBIT D

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

9

| | |
|---|---|
| JUDI L. NICON-ORCUTT, | No. 15-2-00203-8 |
| Plaintiff, | **NOTICE OF APPEARANCE** |
| vs. | |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN a/k/a and d/b/a FOREMOST INSURANCE COMPANY AND FOREMOST INSURANCE COMPANY, | |
| Defendants. | |

10

11

12

13

14

15

16

17   **TO:**          **Clerk of the Court;**
**TO:**          **Plaintiff;**
18   **AND TO:**    **Jeffrey Thigpen, Plaintiff's Attorney**

19

20       **PLEASE TAKE NOTICE** that the undersigned hereby appears on behalf of Defendant

Foremost Insurance Company Grand Rapids, Michigan in this action without waiving the

21   questions of:

22           1.   Lack of jurisdiction over the subject matter;

23           2.   Lack of jurisdiction over the person;

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1       3.  Improper venue;

2       4.  Insufficiency of process;

3       5.  Insufficiency of service of process;

4       6.  Failure to state a claim upon which relief may be granted;

5       7.  Failure to join a party under Rule 19;

6       8.  Failure to bring an action within the time limited by law;

7       9.  Improper Joinder; and

8       10. Improperly named insurance entity.

9       You are hereby directed to serve all future pleadings or papers, excepting process, upon

10 the undersigned attorneys, at the address stated below.

11

12       DATED this 5th day of February, 2015.

13                       LETHER & ASSOCIATES, PLLC

14                       */s/ Thomas Lether*

Thomas Lether, WSBA #18089
1848 Westlake Avenue N, Suite 100

15                       Seattle, WA 98109

16                       P:  (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com

17                       *Attorneys for Defendant*

18

19

20

21

22

23

NOTICE OF APPEARANCE – 2
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\150305 NOA.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1

## CERTIFICATE OF SERVICE

2        The undersigned hereby certifies under the penalty of perjury under the laws of the

3    State of Washington that on this date I caused to be served in the manner noted below a true

4    and correct copy of the foregoing on the parties mentioned below as indicated:

5    Jeffrey Thigpen
     1811 C Street
6    Bellingham, WA 98225

7

**By:**        **[X] First Class Mail**        **[X] E-mail**        **[ ] Legal Messenger**

8

9        Dated this 5th day of March, 2015, at Seattle, Washington.

10                                        _____
                                          Nick McMurray, Paralegal

11

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE – 3
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\150305 NOA.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544