The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDI L. NICON-ORCUTT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN a/k/a and d/b/a FOREMOST INSURANCE COMPANY and FOREMOST INSURANCE COMPANY,<br><br>　　　　　Defendants. | No. 2:15-cv-00343-MJP<br><br>**FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

COMES NOW, Defendant Foremost Insurance Company Grand Rapids, Michigan (hereinafter "Foremost"), and answers Plaintiff's Complaint as follows:

**FIRST CAUSE OF ACTION**

Parties/Insurance Contract

1. In answer to paragraph 1 of Plaintiff's Complaint, Foremost admits that Plaintiff was a resident of Whatcom County, Washington at the time of this loss.  Foremost is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 1
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

2. In answer to paragraph 2 of Plaintiff's Complaint, Foremost Insurance Company Grand Rapids, Michigan admits that it is licensed to conduct business in Washington. Foremost admits that it issued policy number 103-0685059723 to Plaintiff. The policy provides coverage pursuant to its terms and conditions and not otherwise. "Foremost Insurance Company" is a trade name and is not an insuring entity. The entity did not issue any policies of insurance. Foremost denies any and all remaining allegations.

3. In answer to paragraph 3 of Plaintiff's Complaint, Foremost admits the allegations contained therein.

4. In answer to paragraph 4 of Plaintiff's Complaint, Foremost admits that employees, agents or other representatives were authorized to act on behalf of Foremost. Foremost denies any and all remaining allegations.

5. In answer to paragraph 5 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 5 of Plaintiff's Complaint.

6. In answer to paragraph 6 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7. In answer to paragraph 7 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28,

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 2
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  2013, to Judi Nicon-Orcutt as the Named Insured.  The policy provides coverage pursuant to its

2  terms and conditions and not otherwise. Foremost denies each and every remaining allegation

3  contained in paragraph 7 of Plaintiff's Complaint.

4        8.  In answer to paragraph 8 of Plaintiff's Complaint, Foremost admits that it issued

5  Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28,

6  2013, to Judi Nicon-Orcutt as the Named Insured.  The policy provides coverage pursuant to its

7  terms and conditions and not otherwise. Foremost further admits that the policy is a contract

8  between Foremost and the Plaintiff.  Foremost denies each and every remaining allegation

9  contained in paragraph 8 of Plaintiff's Complaint.

10        9.  In answer to paragraph 9 of Plaintiff's Complaint, Foremost admits that it issued

11  Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28,

12  2013, to Judi Nicon-Orcutt as the Named Insured.  The policy provides coverage pursuant to its

13  terms and conditions and not otherwise.  Foremost denies each and every remaining allegation

14  contained in paragraph 9 of Plaintiff's Complaint.

15        10.  In answer to paragraph 10 of Plaintiff's Complaint, Foremost admits that it issued

16  Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28,

17  2013, to Judi Nicon-Orcutt as the Named Insured.  The policy provides coverage pursuant to its

18  terms and conditions and not otherwise.  Foremost denies each and every remaining allegation

19  contained in paragraph 10 of Plaintiff's Complaint.

20        11.  In answer to paragraph 11 of Plaintiff's Complaint, Foremost admits that it issued

21  Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28,

22  2013, to Judi Nicon-Orcutt as the Named Insured.  The policy provides coverage pursuant to its

23

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 3
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 11 of Plaintiff's Complaint.

12. In answer to paragraph 12 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 12 of Plaintiff's Complaint.

13. In answer to paragraph 13 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 13 of Plaintiff's Complaint.

14. In answer to paragraph 14 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost denies each and every remaining allegation contained in paragraph 14 of Plaintiff's Complaint.

Background & Events

15. In answer to paragraph 15 of Plaintiff's Complaint, Foremost admits that a fire occurred at the manufactured home located at 8590 Ginkgo Drive, Maple Falls, Whatcom County, Washington. Foremost is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 4
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

16. In answer to paragraph 16 of Plaintiff's Complaint, Foremost is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

17. In answer to paragraph 17 of Plaintiff's Complaint, Foremost admits that a fire occurred in the early hours of November 11, 2013. Foremost admits that the dwelling and attached deck was a total loss. As to any and all remaining allegations, Foremost is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

18. In answer to paragraph 18 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

19. In answer to paragraph 19 of Plaintiff's Complaint, Foremost admits that damage occurred to Plaintiff's personal property. As to any and all remaining allegations, Foremost is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

20. In answer to paragraph 20 of Plaintiff's Complaint, Foremost admits that the Whatcom County Fire Marshall conducted an investigation with regard to the loss. The results of any said investigation speak for themselves. Foremost denies each and every remaining allegation therein.

21. In answer to paragraph 21 of Plaintiff's Complaint, Foremost admits that it retained Q Global to conduct an investigation into the fire. Foremost further admits that Q Global conducted an interview of the Plaintiff. As to each and every remaining allegation therein, Foremost is without sufficient information to admit or deny and therefore denies.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 5
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

22. In answer to paragraph 22 of Plaintiff's Complaint, Foremost admits that Q Global prepared a report with regard to the loss. Foremost admits that the report speaks for itself. Foremost denies each and every remaining allegation therein.

23. In answer to paragraph 23 of Plaintiff's Complaint, Foremost admits that it investigated the claim including conducting an interview of the Plaintff. As to each and every remaining allegation therein, Foremost denies.

24. In answer to paragraph 24 of Plaintiff's Complaint, Foremost admits that it made an initial payment of $5,000.00 for the loss of personal property. Foremost admits that it investigated the claim and conducted the examination under oath of the Plaintiff on March 27, 2014. As to each and every remaining allegation therein, Foremost denies.

25. In answer to paragraph 25 of Plaintiff's Complaint, Foremost admits that it conducted an investigation into the subject claim. As to each and every remaining allegation therein, Foremost denies.

26. In answer to paragraph 26 of Plaintiff's Complaint, Foremost admits that it requested the Plaintiff's cell phone records. Foremost further admits that the Plaintiff signed an authorization form to allow Foremost to directly request her cell phone records. As to each and every remaining allegation therein, Foremost denies.

27. In answer to paragraph 27 of Plaintiff's Complaint, Foremost admits that the Plaintiff requested additional living expense coverage. In response Foremost paid the full Additional Living Expense limits available under the policy. Foremost denies each and every remaining allegation therein.

28. In answer to paragraph 28 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 6
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

29. In answer to paragraph 29 of Plaintiff's Complaint, Foremost admits that the dwelling was a total loss. Foremost also admits it has extended coverage and has paid for the same amounts under the terms of the subject policy. Foremost has also paid the full contents limits available under the policy. Foremost denies each and every remaining allegation therein.

30. In answer to paragraph 30 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

31. In answer to paragraph 31 of Plaintiff's Complaint, Foremost admits that the deck attached to the residence was a total loss. This deck was, however, attached to the main building. Foremost denies each and every remaining allegation therein.

32. In answer to paragraph 32 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. By way of further answer, Plaintiff has not incurred any expenses associated with debris removal or structure repairs. Foremost denies each and every remaining allegation contained in paragraph 32 of Plaintiff's Complaint.

33. In answer to paragraph 33 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

34. In answer to paragraph 34 of Plaintiff's Complaint, Foremost admits that it issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt as the Named Insured. The policy provides coverage pursuant to its terms and conditions and not otherwise. Foremost admits that it fully paid the Plaintiff's additional living expense claim up to the limit of the policy. Foremost denies each and every remaining allegation contained in paragraph 34 of Plaintiff's Complaint.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 7
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

35. In answer to paragraph 35 of Plaintiff's Complaint, Foremost is without sufficient information to admit or deny and therefore denies.

36. In answer to paragraph 36 of Plaintiff's Complaint, Foremost is without sufficient information to admit or deny any allegations with regard to the Plaintiff's mortgage holders and foreclosure and therefore denies. Foremost denies each and every remaining allegation therein.

37. In answer to paragraph 37 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

38. In answer to paragraph 38 of Plaintiff's Complaint, Foremost is without sufficient information to admit or deny and therefore denies.

39. In answer to paragraph 39 of Plaintiff's Complaint, Foremost is without sufficient information to admit or deny and therefore denies.

40. In answer to paragraph 40 of Plaintiff's Complaint, Foremost denies each and every allegation therein.

<u>Breach of Contract</u>

41. In answer to paragraph 41 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

<u>Economic Damages</u>

42. In answer to paragraph 42 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

<u>Non-Economic Damages</u>

43. In answer to paragraph 43 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 8
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Repeated Allegations

44.   In answer to paragraph 44 of Plaintiff's Complaint, Foremost incorporates by reference its responses set forth above in paragraphs 1- 40.

Unfair or Deceptive Trade Practice

45.   In answer to paragraph 45 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

Violation of Washington Insurance Regulations

46.   In answer to paragraph 46 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

Unreasonable Denial of Claims

47.   In answer to paragraph 47 of Plaintiff's Complaint, Foremost denies each and every allegation contained therein.

Damages

48.   In answer to paragraph 48 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

### THIRD CAUSE OF ACTION

Repeated Allegations

49.   In answer to paragraph 49 of Plaintiff's Complaint, Foremost incorporates by reference its responses set forth above in paragraphs 1 – 40.

Unreasonable Denial of Plaintiff's Claims

50.   In answer to paragraph 50 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 9
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

51. In answer to paragraph 51 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

Bad Faith

52. In answer to paragraph 52 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

Violations of Washington Law

53. In answer to paragraph 53 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

Damages / Economic Harm / Proximate Cause

54. In answer to paragraph 54 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

Non-economic Damages / Proximate Cause

55. In answer to paragraph 55 of Plaintiff's Complaint, Foremost denies that the Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

WHEREFORE, having answered Plaintiff's Complaint, Foremost asserts the following affirmative defenses:

1. Foremost has fully complied with its obligations under the policy of insurance issued to Plaintiff and has at all times acted reasonably in handling Plaintiff's claim for coverage. As a result, Plaintiff's extra-contractual claims are without merit.

2. The Complaint fails to state a claim against Foremost upon which relief may be granted.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 10
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3. Plaintiff's damages, if any, are not proximately caused by any act or omission of Foremost.

4. Plaintiff's injuries, if any, are proximately caused by Plaintiff's own acts or omissions.

5. The Plaintiff's damages, if any, were caused or contributed to by third parties to this litigation.

6. The Plaintiff did not suffer any damages as a direct or proximate result of any act or omission by Foremost.

7. To the extent the Plaintiff is entitled to any recovery, Plaintiff's claims are barred in whole or in part by the doctrines of offset and/or set-off.

8. To the extent the Plaintiff has suffered damages, Plaintiff failed to mitigate those damages.

9. Foremost has not breached any contract between Foremost and Plaintiff.

10. The policy of insurance issued by Foremost provided coverage pursuant to its terms and conditions of the policy. Plaintiff's claims are barred in whole or in part, by the terms and conditions of the policy.

11. The Plaintiff is not entitled to the recovery of attorney fees.

12. Foremost is entitled to reimbursement of any and all amounts paid to Plaintiff with regard to the subject matter.

13. Plaintiff has failed to establish the necessary elements of her claims.

14. Plaintiff has violated the terms of an agreed upon settlement protocol.

15. Plaintiff's claims are barred in whole or in part by the following policy conditions:

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 11
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

> We do not insure loss caused directly or indirectly by any of the following.
>
> 1. Loss intentionally caused by any of you or performed at any of your direction.

Form 4075 01/07 P 8

. . .

> **3. Concealment or Fraud**. The entire policy will be void if any of you:
>
> **a.** Intentionally conceal or misrepresent any material fact or circumstance; or
> **b.** Engage in fraudulent conduct;
> **c.** Make false statements with the intent to deceive; whether before or after a loss or claim relating to this insurance.

Form 4075 01/07 P17

16. Foremost reserves the right to amend the pleadings in this matter to include any additional claims or defenses as may become known or apparent during the course of this litigation.

## RESERVATION

1. Foremost reserves the right to amend its answer to add affirmative defenses, counterclaims, cross-claims, or to institute third party actions, as additional facts are obtained through discovery and investigation.

2. By including certain defenses as set forth above, Foremost does not concede that is has assumed any applicable burden of proof.

## COUNTERCLAIM

### A. PARTIES

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 12
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1. Foremost Insurance Company Grand Rapids, Michigan ("Foremost") is a foreign insurance company incorporated in the State of Michigan and licensed to conduct business in the State of Washington.

2. Judi Nicon-Orcutt is an individual residing in Whatcom County, Washington.

### B. JURISDICTION AND VENUE

3. Foremost incorporates by reference the allegations contained in paragraphs 1-2 as if fully set forth herein.

4. The amount in controversy exceeds the jurisdictional minimum of $75,000.00 for diversity jurisdiction. Accordingly, this Court has jurisdiction over the subject matter of this Counterclaim and over the parties hereto.

5. Plaintiff Judi Nicon-Orcutt, resides in Whatcom County, Washington. Foremost is a foreign insurance company organized under the laws of the State of Michigan and licensed to conduct business in the State of Washington. As a result, all parties are citizens of different states and venue is properly before this Court.

### C. FACTS

Background Facts

6. Foremost incorporates by reference the allegations contained in paragraphs 1-5 as if fully set forth herein.

7. This matter arises out of a fire which occurred at the Plaintiff's manufactured home on or about November 11, 2013.

8. After the fire, the Plaintiff tendered a claim for property damage and damage to personal property as a result of the fire.

The Foremost Policy

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 13
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

9. Foremost issued Policy No. 103-0685059723 for policy period of December 28, 2012, through December 28, 2013, to Judi Nicon-Orcutt. The Policy provided coverage pursuant to its terms and conditions and not otherwise.

10. The Policy, attached as **Exhibit 1**, provides the following:

> **Section I – Exclusions**
>
> We do not insure loss caused directly or indirectly by any of the following.
>
> 2. Loss intentionally caused by any of you or performed at any of your direction.

Form 4075 01/07 P 8

11. In addition to the above, the Policy also provides the following provision:

> **3. Concealment or Fraud**. The entire policy will be void if any of you:
>
> **a.** Intentionally conceal or misrepresent any material fact or circumstance; or
> **b.** Engage in fraudulent conduct;
> **c.** Make false statements with the intent to deceive; whether before or after a loss or claim relating to this insurance.

Form 4075 01/07 P17

**Foremost's Investigation**

12. Immediately after notification of the loss, Foremost begun its investigation with regard to the loss.

13. To assist Foremost in its investigation of the loss, Foremost retained Q Global, a forensic fire origin & cause determination expert to determine the origin and cause of the fire.

14. Based on Q Global's report, there was no reasonable accidental source of ignition could be found. Q Global also determined that the fire may have been incendiary in origin.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 14
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

15. Based on Foremost's investigation, Foremost determined that there was evidence of an intentionally set fire, the Plaintiff had a motive to set the fire, and the Plaintiff had the opportunity to set the fire. Accordingly, Foremost determined that there was no coverage for the loss.

16. Regardless, as a matter of good faith and fair dealing, Foremost fully extended coverage for the fire loss pursuant to the terms and conditions of the policy and not otherwise. Specifically, Foremost extended the full limit of the following coverages:

>Coverage A - Dwelling: $98,033.00.
>Coverage C - Personal Property: $49,016.00
>Coverage D - Additional Living Expense: $19,607.00

17. In addition to the above amounts, Foremost extended coverage for the additional extended replacement cost coverage in the policy. Additionally, Foremost extended the time period to replace the dwelling with one of like kind and quality and submit a claim for reimbursement an additional 120 days.

18. Foremost also extended coverage for debris removal up to the policy limit of $5,000.00. Foremost would pay for debris removal coverage to the extent that it was incurred pursuant to the terms and conditions of the policy.

19. Foremost also extended coverage for the deck attached to the Plaintiff's manufactured home under the Coverage A – Dwelling policy provision.

20. Foremost has fully complied with the terms of the policy and has acted reasonably with regard to Plaintiff's claims at all times.

21. In spite of Foremost's determination that there is no coverage for the subject loss, Foremost, as a matter of good faith and fair dealing, fully extended coverage for this loss.

### D. CAUSE OF ACTION – DECLARATORY RELIEF

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 15
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

22. Foremost incorporates by reference as though fully set forth herein, and restates and realleges each of the paragraphs 1 through 21 above.

23. Foremost is entitled to Declaratory Judgment in its favor, specifically including a judicial determination that it does not owe any coverage obligations to Plaintiff under the policy of insurance issued by Foremost to Plaintiff.

24. Foremost is entitled to Declaratory Judgment in its favor, that to the extent Foremost had a coverage obligation to Plaintiff, Foremost fully satisfied its coverage obligations and does not owe any additional amounts under the Foremost Policy.

### E. CAUSE OF ACTION – BREACH OF CONTRACT

25. Foremost incorporates by reference as though fully set forth herein, and restates and realleges each of the paragraphs 1 through 21 above.

26. Plaintiff materially breached the terms and conditions of the Foremost policy.

27. As a result of the Plaintiff's breach of contract, Foremost does not owe any coverage obligations to Plaintiff under the policy issued by Foremost.

### PRAYER

WHEREFORE, having fully answered the Complaint and alleged affirmative defenses and a counterclaim, Foremost prays for the following relief:

5.1    Dismissal of the Plaintiffs' Complaint with prejudice;

5.2    For judgment declaring that Plaintiff is not entitled to coverage under the Policy issued by Foremost.

5.3    For recovery of Foremost's costs and disbursements.

5.4    For such other further relief the Court may deem just and proper.

DATED this 18th day of August, 2015.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 16
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1
2                               LETHER & ASSOCIATES, PLLC
3
4                             */s/ Thomas Lether*
                            Thomas Lether, WSBA #18089
5                             1848 Westlake Avenue N, Suite 100
                            Seattle, WA 98109
6                             P:  (206) 467-5444/F: (206) 467-5544
                            tlether@letherlaw.com
7                             *Attorneys for Defendant*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 17
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

Jeffrey Thigpen
1811 C Street
Bellingham, WA 98225

**By:**     [X] **ECF Notification**          [ ] **E-mail**          [ ] **Legal Messenger**

Dated this 18th day of August, 2015, at Seattle, Washington.

*/s/ Nicholas McMurray*
Nicholas McMurray, Paralegal

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT – 18
2:15-cv-00343-MJP
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Pleadings\150818 Nicon Answer Affirmative Defenses and

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544