The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDI L. NICON-ORCUTT,<br><br>Plaintiff,<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN a/k/a and d/b/a FOREMOST INSURANCE COMPANY and FOREMOST INSURANCE COMPANY,<br><br>Defendants. | No. 2:15-cv-00343-MJP<br><br>**DECLARATION OF NANCY STIRLING IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

I, Nancy Stirling, declare as follows:

1. I am over the age of 18 years, a citizen of the State of Washington and am competent to testify as to the statements made herein. I make the statements made herein based upon personal knowledge, except where stated as based upon information and belief. As to any statements made based upon information and belief, I believe those statements to be true based upon a reasonable belief as to the contents of those statements.

2. I am a Claims Supervisor for Foremost Insurance Company Grand Rapids, Michigan ("Foremost") in regard to the above-referenced matter. I have personal knowledge of all of the following factual information which has occurred in regard to those efforts.

Declaration of Nancy Stirling – 1
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

3.   On November 11, 2013, Foremost was notified of a fire loss which occurred at the Plaintiff's residence. Foremost immediately acknowledged the claim and began its claim investigation.

4.   Foremost immediately placed the Plaintiff in a temporary residence following the loss on November 11, 2013. Foremost also began to look for a suitable residence for the duration of the repairs to her residence.

5.   On November 14, 2013, the Plaintiff identified a suitable rental property. Foremost immediately agreed to pay for the rental residence at that time.

6.   On November 11, 2013, Foremost also inquired as to whether the Plaintiff needed any emergency funds for immediate expenses. The insured indicated that she had limited financial resources. As a result, Foremost extended an advance payment of the policy benefits for replacement of contents in the amount of $950.00 for immediate expenses on November 11, 2013. On November 12, 2013, Foremost further extended an advance payment in the amount of $4,050.00. Foremost paid both of these advance payments under the policy's contents coverage.

7.   On November 18, 2013, a Foremost representative visited the site to document and investigate the claim. During the course of the investigation, several photographs of the residence were taken. Attached hereto as **Exhibit 1** are the photographs of the residence taken by Foremost. Based on the observations of the residence, Foremost determined that the deck at the front of the residence was attached to the main dwelling. Foremost concluded the deck was not a "separate structure" as provided for under the policy. Accordingly, Foremost determined that coverage for the front deck would be under coverage A for the main dwelling.

Declaration of Nancy Stirling – 2
C:\Users\uswnyh42\AppData\Local\Temp\notes\FFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

8. Shortly after the fire, Foremost retained a fire cause and origin expert, Q Global, to investigate the cause and origin of the fire. Q Global concluded that there were no accidental causes of the fire and therefore the fire was potentially incendiary in origin. Attached hereto as **Exhibit 2** is a true and correct copy of Q Global's November 19, 2013 report. Foremost also learned during its initial investigation that there was a pending foreclosure on the property.

9. As part of its initial investigation, Foremost also contacted Law Enforcement regarding the cause and origin of this fire. Law Enforcement informed Foremost that they determined the fire was incendiary in origin. Additionally, the Whatcom County Fire Marshall subsequently issued a report and a supplemental report on October 8, 2015. Both reports indicated that it is the Fire Marshall's opinion that the fire was caused by arson. On November 3, 2015, Will Anderson, a Whatcom County Fire Marshall, produced documents in response to Plaintiff's subpoena. Those documents confirm that the Fire Marshall has determined that the cause of the fire is Arson in the First Degree and the Plaintiff is a suspect with regard to the fire. Attached hereto as **Exhibit 3** is a true and correct copy of documents produced by the Fire Marshall's Office.

10. Additionally, on July 21, 2014, counsel for Foremost requested the Whatcom County Fire Marshall's final report with regard to the fire. Attached hereto as **Exhibit 4** is a true and correct copy of correspondence counsel for Foremost to the Whatcom County Fire Marshall dated July 21, 2014.

11. On July 24, 2014, counsel for Foremost was informed that the Whatcom County Fire Marshall's case was still under investigation and the records were not produced as a result. Attached hereto as **Exhibit 5** is a true and correct copy of correspondence counsel for Foremost to the Whatcom County Fire Marshall dated July 24, 2014.

Declaration of Nancy Stirling – 3
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

12. On November 20, 2013, Foremost referred this claim to SIU to investigate the insured's financial issues, the insured's whereabouts at the time of the fire, and the determination by Q Global and the cause of the loss.

13. From December 2013 through February of 2014, SIU investigated the claim. This investigation included discussions with Fire Cause and Origin Investigator, Q Global, the Whatcom Fire Marshall, the Whatcom Sherriff's department, the Plaintiff's mortgage holders, and the Plaintiff.

14. Specifically, on November 27, 2013, SIU discussed this claim with Q Global. Q Global informed SIU of its concerns with regard to the cause and origin of the fire, the financial issues of the Plaintiff, and their concerns regarding the insured's statements that some kind of paint thinner or mineral spirits were placed by the Plaintiff at or near the origin on the fire.

15. On December 2, 2013, SIU discussed this claim with Fire Marshall Will Anderson. The Fire Marshall explained that he had eliminated all electrical outlets as a cause of the fire. He also explained that he had a problem with the insured's story about how she was picking up and dropping off a relative in the middle of the night and that she was using mineral spirits near the origin of the fire, but those materials do not spontaneously combust. Mr. Anderson also advised that the Sherriff's office wanted to take the polygraph of the Plaintiff and recommended that SIU speak with the Sherriff's office.

16. On December 4, 2013, Foremost spoke with the insured regarding obtaining her cell phone records and records from the casino. The insured indicated that she would procure these records. The insured subsequently failed to produce her phone records. See below.

17. Previously, on November 18, 2013, the Whatcom County Sherriff attempted to obtain the Plaintiff's cell phone records. Specifically, the Sherriff asked to inspect the

Declaration of Nancy Stirling – 4
C:\Users\uswnyh42\AppData\Local\Temp\notesF1F692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Plaintiffs' cell phone to confirm the date and times of the call she received on the night of the fire. She first informed the Sherriff that the call would likely come up as anonymous and would not be helpful. The Sherriff explained that since he was simply checking the date and time of the calls, that was not a problem. Plaintiff then informed the Sherriff that she had deleted the call log history on her phone. Attached hereto as **Exhibit 6** is a true and correct copy of the Whatcom County Sherriff's report dated November 18, 2013.

18. From December 5, 2013 through December 17, 2013, SIU attempted to contact Detective Gum at the Sherriff's office. Finally, on December 17, 2013, SIU received a phone call from Detective Gum requesting that Foremost delay payment on the loss until he conducted the polygraph of the insured. The Sherriff never conducted a polygraph examination of the insured.

19. On January 9, 2014, Foremost ordered the credit report of the Plaintiff. SIU received and reviewed the report on January 16, 2014. The credit report confirmed that Plaintiff had significant financial issues.

20. On January 19, 2014, SIU conducted a recorded statement with the Plaintiff, in order to verify the Plaintiff's whereabouts at the time of the fire, the Plaintiff's financial issues, and the events preceding the fire.

21. While the SIU investigation was ongoing, Foremost continued to adjust this claim. In particular, Foremost continued to make ALE payments on a monthly basis for the insured's temporary residence pursuant to the terms of the policy. In total Foremost eventually paid ALE through December 16, 2014, for a total of $19,607.00. This amount was the full limit of policy benefits for ALE under the policy.

Declaration of Nancy Stirling – 5
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

22. Based on the information obtained by SIU, in March of 2014, Foremost decided to request that the insured submit to an Examination Under Oath ("EUO") of the Plaintiff. Specifically, Foremost had several concerns regarding the insured's whereabouts at the time of the fire, inconsistencies in the Plaintiff's statements, and potential financial motive to commit arson. The EUO of the Plaintiff was conducted on March 14, 2014.

23. Following the EUO, Foremost still had several concerns regarding the insured's whereabouts at the time of the fire, inconsistencies in the Plaintiff's statements and potential financial motive to commit arson. As a result, Foremost requested the opportunity to verify her whereabouts by speaking with her son, Jesse, who was allegedly with her on the night of the fire. Specifically, on March 31, 2014, counsel for Foremost sent the Plaintiff a letter requesting the opportunity to interview her son, Jesse Orcutt. Attached hereto as **Exhibit 7** is a true and correct copy of the letter dated March 31, 2014.

24. On April 14, 2014, Plaintiff responded to Foremost's request to interview Jesse. Her email stated that Jesse was currently on disability and under a doctor's care. She stated that he is agoraphobic, had anxiety issues, and OCD. She requested that instead of speaking directly with Foremost, Jesse could provide a written statement. Attached hereto as **Exhibit 8** is a true and correct copy of the email dated April 14, 2014.

25. On April 16, 2014, counsel for Foremost responded requesting documentation confirming Jesse's medical disorders. Foremost further reminded the Plaintiff that Jesse had no obligation to provide a statement to Foremost but that statement would be beneficial to Ms. Orcutt on the coverage issues. Attached hereto as **Exhibit 9** is a true and correct copy of the letter dated April 16, 2014.

Declaration of Nancy Stirling – 6
C:\Users\uswnyb42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

26. On May 1, 2014, Plaintiff responded to Foremost's request for confirmation of Jesse's medical conditions. The response stated that Jesse's records were not relevant and confidential. However, she stated that she was in the process of getting Jesse's permission to release his medical records and would let Foremost know if he granted permission to release his medical records. Attached hereto as **Exhibit 10** is a true and correct copy of the letter dated May 1, 2014.

27. On May 6, 2014, Foremost responded to Plaintiff's May 1, 2014, email. Foremost requested that Plaintiff give an answer with regard to whether Jesse would be willing to release his medical records and whether he would be willing to speak with Foremost. Foremost requested a response by May 16, 2014. Attached hereto as **Exhibit 11** is a true and correct copy of the letter dated May 6, 2014.

28. On or about May 12, 2014, Counsel for Plaintiff finally agreed to Foremost interviewing Jesse with regard to the events on the night of the fire. Attached hereto as **Exhibit 12** is a true and correct copy of the letter dated May 12, 2014 from counsel for Plaintiff to counsel for Foremost.

29. On May 23, 2014, counsel for Foremost followed up and proposed dates and times to conduct the interview of Jesse. Attached hereto as **Exhibit 13** is a true and correct copy of an email dated May 23, 2014, from counsel for Foremost to counsel for Plaintiff.

30. On May 30, 2014, counsel for Foremost again followed up regarding dates and times to conduct the interview of Jesse. Attached hereto as **Exhibit 14** is a true and correct copy of an email dated May 30, 2014 from counsel for Foremost to counsel for Plaintiff.

Declaration of Nancy Stirling – 7
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

31.     On June 6, 2014, counsel for Foremost again followed up with regard to conducting an interview with Jesse. Attached hereto as **Exhibit 15** is a true and correct copy of an email dated June 6, 2014, from counsel for Foremost to counsel for Plaintiff.

32.     On July 8, 2014, Counsel for Foremost finally received a letter from Plaintiff's counsel in response to its May 30, 2014 correspondence. The letter stated that Jesse Orcutt was no longer willing to discuss the subject fire with Foremost. Attached hereto as **Exhibit 16** is a true and correct copy of correspondence from Plaintiff's counsel to Counsel for Foremost dated July 8, 2014.

33.     Additionally, Foremost had previously requested that the Plaintiff obtain a copy of her cell phone records. Specifically, Foremost first requested the Plaintiff's obtain her cell phone records on December 4, 2013. On December 11, 2013, the insured indicated that she was writing to her cell phone provider to obtain those records. On February 12, 2014, the Plaintiff advised that she was still trying to get her cell phone records. On March 28, 2014, Foremost again requested the Plaintiff's cell phone call log records to verify the events on this night of the loss. Specifically, on March 28, 2014, counsel for Foremost requested Plaintiff's cell phone call log records. Attached hereto as **Exhibit 17** is a letter from counsel for Foremost to Plaintiff requesting the records.

34.     On May 27, 2014, counsel for Foremost received a letter from Plaintiff's counsel. The letter stated that the Plaintiff's cellular phone provider would not produce the cell phone records older than 90 days without a subpoena and that the Plaintiff could not produce the records. Foremost first requested these records from the Plaintiff on December 4, 2013, approximately 30 days after the loss. As a result of the Plaintiff's failure to request the records promptly, the records were not available without a subpoena. Accordingly, Plaintiff's counsel

Declaration of Nancy Stirling – 8
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

indicated he would proceed with drafting a subpoena. Attached hereto as **Exhibit 18** is a true and correct copy of correspondence from Plaintiff's counsel to Counsel for Foremost dated May 27, 2014.

35. On July 1, 2014, Plaintiff changed its mind regarding drafting a subpoena. Specifically, Plaintiff's Counsel indicated that he would no longer be pursuing a subpoena. Attached hereto as **Exhibit 19** is a true and correct copy of correspondence from Plaintiff's counsel to Counsel for Foremost dated July 1, 2014.

36. Foremost also tried to obtain these records directly. Specifically, the Plaintiff signed a release which allowed Foremost to request the cell phone records directly from the cell phone provider. Counsel for Foremost was also informed that the Plaintiff's cell phone records were unavailable without a subpoena for records older than 90 days. Attached hereto as **Exhibit 20** is a true and correct copy of the release to obtain the Plaintiff's cell phone records.

37. Only after suit was filed was Foremost able to issue a subpoena. On March 18, 2015, Counsel for Foremost issued a subpoena to Tracphone Wireless, Inc. for the cell phone call log records of Judi Nicon-Orcutt for the day prior to the fire, the day of the fire, and the day after the fire. The records indicate that the Plaintiff received a call at 2:21 am notifying her of the fire. However, the Plaintiff previously testified that she first received notice of fire at approximately 1:30 am. See Lether Decl. **Exhibit 1** to Lether Decl., p. 87, l. 21-23. Attached hereto as **Exhibit 21** is a true and correct copy of the cell phone call log records of Judi Nicon-Orcutt produced by Tracphone.

38. In an attempt to prevent further delay in making a coverage determination on this claim, Foremost proposed entering into a Mediation Agreement. The Plaintiff agreed to the Mediation Agreement and an agreement was entered into on August 18, 2014. Attached hereto

Declaration of Nancy Stirling – 9
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

as **Exhibit 22** is a true and correct copy of the Plaintiff Counsel's letter dated August 20, 2014, and attached executed mediation agreement to resolve this claim.

39. As part of the discussions to resolve this claim, Foremost thereafter offered to pay the Plaintiff's mortgage holders the portion of the policy benefits which were to be paid to the mortgage holders. Plaintiff specifically refused Foremost's offer because Plaintiff was attempting to obtain a reduction in the Plaintiff's mortgage. Plaintiff's request for this reduction was based upon Plaintiff's claim that she had not yet been paid by Foremost. As a result, Plaintiff requested that Foremost <u>not</u> pay the structure claim.

40. As part of Plaintiff's attempts to reduce the Plaintiff's mortgage obligations, on November 3, 2014, Plaintiff requested a "letter of intent" from Foremost to the Plaintiff's mortgage holder. Specifically, he requested that Foremost indicate that Foremost is currently in settlement negotiations with the Plaintiff, but fully expects to pay no less than $40,000.00 with regard to this claim. Attached hereto as **Exhibit 23** is a true and correct copy of a letter dated November 3, 2014, from Plaintiff's Counsel to Lether & Associates.

41. Pursuant to Plaintiff's request, Foremost issued a letter of intent indicating that Foremost would immediately issue a check in the amount of $40,000.00 to the extent an agreement was reached between the parties. Once issued, Plaintiff did not request payment to the Plaintiff's mortgage holder at the time. Attached hereto as **Exhibit 24** is a true and correct copy of a letter dated November 14, 2014, from counsel for Foremost to the Plaintiff's mortgage holder.

42. On January 9, 2015, Plaintiff's counsel sent a letter to Counsel for Foremost. The letter stated that the mortgage negotiations had failed. Plaintiff's counsel requested that

Declaration of Nancy Stirling – 10
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Foremost immediately issue a coverage determination with regard to this claim. Attached hereto as **Exhibit 25** is a true and correct copy of the January 9, 2015, letter.

43. On January 12, 2015, counsel for Plaintiff issued an Insurance Fair Conduct Act 20-day notice to Foremost Insurance Company on the basis that Foremost failed to issue payment on this claim. Attached hereto as **Exhibit 26** is a true and correct copy of the January 12, 2015, notice.

44. On January 14, 2015, Foremost issued a coverage determination with regard to this claim. In the coverage determination, Foremost extended full coverage for the subject loss including extended replacement cost, the structure claim, debris removal, ordinance or law coverage, and ALE coverage. Foremost further explained that additional policy benefits were available to the extent they were incurred. Attached hereto as **Exhibit 27** is a true and correct copy of the coverage determination letter dated January 14, 2015.

45. Specifically, Foremost's January 14, 2015, correspondence extended the full limit of coverage for the dwelling in the amount of $98,033.00. Additionally, Foremost extended the full limit of coverage for contents in the amount of $49,016.00. Further, the correspondence fully extended coverage for Additional Living Expenses in the amount of $19,607.00. The ALE coverage limit had already been paid.

46. Additionally, the coverage determination letter extended additional coverage pursuant to the extended replacement cost coverage. The policy requires that replacement costs actually be incurred within 365 days of the loss in order for the benefits to be available. Even though that time period had expired, Foremost extended the period for the Plaintiff to replace the dwelling an additional 180 days in its coverage determination letter.

Declaration of Nancy Stirling – 11
C:\Users\uswnyh42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

47. Further, Foremost extended additional coverage for debris removal in the amount of $5,000.00. Foremost stated that this additional coverage would be paid if it was incurred.

48. To date, the Plaintiff has not reported to Foremost that any debris removal expenses have been incurred and has not provided any documentation that any debris removal work was incurred.

49. To date, the Plaintiff has not reported to Foremost that any expenses have been incurred in replacing her dwelling and has not provided any documentation that any dwelling replacement work was incurred.

50. Attached hereto as **Exhibit 28** is a certified copy of the insurance policy issued to the Plaintiff by Foremost Insurance Company Grand Rapids, Michigan.

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 9th day of December, 2015.

*Nancy Stirling*
Nancy Stirling

Declaration of Nancy Stirling – 12
C:\Users\uswnyb42\AppData\Local\Temp\notesFFF692\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the party mentioned below as indicated:

Jeffrey Thigpen
1811 C Street
Bellingham, WA 98225

**Via:** [X] ECF  [ ] E-mail  [ ] Via U.S Mail

Dated this 10th day of December, 2015, at Seattle, Washington.

*s/ Nicholas McMurray*
Nicholas McMurray, Paralegal

Declaration of Nancy Stirling – 13
S:\FILES\Nicon-Orcutt v. Foremost (litigation) 15033\Motions\SJ Motion\Final\151125 Declaration of Stirling.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544